[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 20, 1994 Date of Application July 20, 1994 Date Application Filed July 29, 1994 Date of Decision February 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket Number CR10-217012 (19229).
Raymond Rigat, Esq., Defense Counsel for Petitioner.
John Gravalec-Pannone, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
CT Page 2749
By the Division:
The petitioner, then 23 years of age, was convicted following a plea of nolo contendere, of violation § 53a-59(a)(3), Assault, first degree. The State agreed to recommend a sentence of ten years, execution suspended after five years, with a five year period of probation. The petitioner reserved the right to argue for less. The Court imposed a sentence of ten years, execution suspended after five years, with a five year probationary period.
The factual basis for the conviction is as follows: On December 15, 1993, the petitioner brought the victim, a one year' old infant, (his wife's son) to a hospital emergency room for a swollen nose and fever. The examining physicians found the child had numerous bruises in different stages of healing to his head, arms, upper back, lower back, legs and buttocks. They also found that the child had not been to see a physician for over a year and he now weighed less than he did at that last visit over a year ago. His appearance was, according to the physicians, consistent with a child who was starving.
Subsequent investigation determined that the petitioner and his wife had refused to give the baby a bottle and fed him table food which he could not eat since he had no teeth. When he tried to take his younger sister's bottle they would punish him. The petitioner described himself as "popping" the child to discipline him.
The petitioner claims that both he and his wife hit the child and he denies causing all of the injuries. He argues that he and his wife were treated disparately in that he received a term of five years to serve while she received one year.
The court appointed guardian ad litem for the victim reported to the sentencing court that she felt the petitioner was more culpable than his wife and that she may have been unable to stop the abuse. CT Page 2750
The wife, who was also twenty-three years old, had an older child (from a prior marriage) when she married the petitioner in July 1992. She was pregnant when this marriage took place and that child, who appears to be the son of her first husband, is the victim here. The parties then had a daughter together. They were seeking to divorce each other at the time of sentencing.
The petitioner has no prior criminal record. He joined the Navy at age twenty-one and was stationed at Groton working as a pipefitter.
The Navy indicated he would be discharged as result of his conviction.
The sentencing court pointed out that the cruelty inflicted on this child was not a sudden loss of control from some particular stress, but was an on-going course of conduct. It considered the offense a serious, inexcusable abuse, if not a torturing of a helpless infant.
On reviewing the sentence pursuant to the standards of review set out in Practice Book § 942, the Division concludes that it is reasonable and appropriate. There is no requirement that co-defendants receive identical sentences and, in this case, the sentencing court was provided with information from which it could reasonably conclude that the sentences imposed on this petitioner and the co-defendant could and should be individualized. In any event the sentence imposed in the petitioner's case was within the parameters of the plea arrangement or understanding and it was appropriate. It is affirmed.
Klaczak, Norko and Stanley, J.s, participated in this decision.